IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KELLY COLE IRONS, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0291 |
| | § | |
| COUNTY JAIL, | § | |
| Hall County, Texas, | § | |
| | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On November 1, 2004, petitioner KELLY COLE IRONS, filed with this Court a petition for writ of habeas corpus wherein he appears to allege a violation of his speedy trial rights related to a pending case out of the 100th Judicial District Court of Hall County, Texas for the offense of burglary of a habitation.

This Court is unable to determine from petitioner IRON's habeas application exactly which conviction, if any, he is attempting to challenge, nor can the Court determine the grounds upon which petitioner claims he is being held unlawfully. On November 30, 2004, petitioner filed a supplement to his original brief wherein petitioner stated,

    A.    That petitioner has been in custody (jail) for a period exceeding 180 days with no action taken to resolve the charges filed against petitioner;

    B.    That petitioner was appointed an attorney to wit Earl Griffin. Petitioner has to this date never seen or talked to this attorney; and

    C.    That petitioner has never been on docket call in the above styled case.

It does not appear petitioner is attempting to challenge a conviction or a disciplinary case pursuant to § 2254, but that he seeks pre-trial relief by way of requesting the State of Texas to pursue the pending criminal charge against him.  However, his pleadings clearly reflect that petitioner has made no attempt to exhaust his state court remedies as is required.  *See Loren v. State of Texas*, 440 F.2d 1182, 1183 (5th Cir. 1971)("When one has been denied a speedy trial in the Texas trial courts his proper remedy by way of mandamus or other peremptory writ lies with the Texas Supreme Court....Appellant has not exhausted his state remedies by proceeding in the Texas Supreme Court. This is his next step if he is to continue to seek a speedy trial, and it is a condition precedent to Appellant's effective search for relief in the federal courts.")(internal cites omitted).[1]  Petitioner has not exhausted his state court remedies related to any speedy trial claim so as to entitle him to federal habeas relief.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Application for Writ of Habeas Corpus filed by petitioner KELLY COLE IRONS be DISMISSED for failure to exhaust his state court remedies.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient

---

[1] Since *Loren* was decided, the Texas Court of Criminal Appeals, as a result of an amendment to Article V, Section 5 of the Texas Constitution, has jurisdiction to issue writs of mandamus.

means available.

       IT IS SO RECOMMENDED.

       ENTERED this <u>28th</u> day of September 2005.

                                               _____
                                               CLINTON E. AVERITTE
                                               UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

       Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

       Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).